1  **WO**
2                          **NOT FOR PUBLICATION**

6            **IN THE UNITED STATES DISTRICT COURT**
7                **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Damon G Fiori, | No. CV-19-03074-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Peoria Police Department, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 4). Plaintiff filed a Response[1] (Doc. 12) and Defendants filed a Reply (Doc. 13).

**I.    BACKGROUND**

On January 25, 2019, *pro se* Plaintiff Damon Fiori filed a Complaint against the Peoria Police Department ("Peoria PD"); the City of Peoria (the "City" or "Peoria"); Peoria Police Chief Arthur Miller ("Defendant Miller"); and former Peoria Police Chief Roy Minter ("Defendant Minter") (collectively "Defendants"). (Doc. 1 at 26-34). Plaintiff did not serve any of Defendants with the Complaint, and on April 22, 2019, Plaintiff filed an Amended Complaint that he only served on the City and Peoria PD. (*Id.* at 6-19, 43-44). The Amended Complaint contains thirteen counts: (1) "Malicious Prosecution"; (2) "Negligence Per *Se* [sic]"; (3) "Equal Protections [sic] - 42 U.S.C. § 1983"; (4) "Violation of Due Process"; (5) "Obstruction of Justice; (6) "False Imprisonment"; (7) "Intentional

---
[1] Plaintiff's request for oral argument is denied because the parties have had an opportunity to adequately brief the issues and oral argument would not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)

Infliction of Emotional Distress"; (8) "Abuse of Process"; (9) "Bad Faith"; (10) "Defamation"; (11) "Punitive Damages"; (12) "Miscellaneous Damages"; and (13) "Violation of Due Process and Civil Rights." (*Id.* at 11-18). Defendants removed the action to this Court on May 14, 2019. (*Id.* at 1-3).

In his Amended Complaint, Plaintiff alleges his ex-wife's family gave Defendants "free food, drinks and other services" and in return, Defendants: (1) improperly declined to prosecute Plaintiff's ex-wife for trespass, domestic violence, and property damage that Plaintiff reported between October 2016 and February 2017; (2) arrested and charged Plaintiff with domestic violence reported by his ex-wife in March 2017, despite having "sufficient evidence" that he was innocent; and (3) prosecuted Plaintiff based on "various misleading, false, or improperly implied evidence to the created story line used by the Prosecutors as equally created by his ex-wife, and the Peoria Police Department," including "falsified" information from a Peoria PD officer regarding "how he obtained and handled evidence in support of the criminal investigation." (*Id.* at 7-11). Plaintiff's criminal trial resulted in an acquittal.

## II.    DISCUSSION

Defendants argue that Plaintiff's Amended Complaint should be dismissed because: (1) he fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), (2) Defendants Miller and Minter were never served with the Amended Complaint, and (2) that Peoria PD is a non-jural entity that cannot be sued. Plaintiff filed a Response; however, his response failed to substantively respond to Defendants' arguments. The Court may construe Plaintiff's failure to respond to all of Defendants' arguments as consent to granting the Motion to Dismiss on those grounds. *Garcia v. GMAC Mortgage, LLC*, 2009 WL 2782791, at * 1 (D. Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived."); *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D. Ariz. 2008) ("[T]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants argument"); *Currie v. Maricopa County Cmty. Coll. Dist.*, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) (finding that plaintiff's failure to respond to an

argument serves as an independent basis upon which the court can grant defendant's motion to dismiss). Nonetheless, the Court will address the merits of Defendants' arguments.

### A. Peoria PD is a Non-Jural Entity

Defendants argue, and Plaintiff does not dispute, that Peoria PD is a non-jural entity. The Court agrees. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *Williams v. City of Mesa Police Dept.*, 2009 WL 2568640, at *2 (D. Ariz. Aug. 18, 2009). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, at *8 (D. Ariz. 2007) (citations omitted).

Numerous courts have held that a police department is a non-jural entity that is incapable of suing and being sued, rather a police department is a subdivision of the political entity to which it belongs. *See e.g.*, *Joseph v. Dillard's, Inc.*, 2009 WL 5185393, at *5 (D. Ariz. Dec. 24, 2009) ("Because the Phoenix Police Department is a department of the City of Phoenix, and because actions against the City of Phoenix must be brought in the city's corporate name, the proper defendant is the City of Phoenix, not the Phoenix Police Department."); *Gotbaum v. City of Phoenix,* 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (concluding that that "[c]onsistent with its previous decision in [*Wilson v. Maricopa County,* 2005 WL 3054051, at *1 (D. Ariz. Nov. 15, 2005)], the Court concludes that the Phoenix Police Department is a subpart of the city of Phoenix, not a separate entity for purposes of suit."). Peoria PD, therefore, is a subpart of the City and not a separate entity for the purposes of a lawsuit. Moreover, as the City is already named as a Defendant, Peoria PD's "presence is superfluous." *Scotti v. City of Phoenix*, 2010 WL 994649, at *5 (D. Ariz. March 7, 2010). Accordingly, Peoria PD is a non-jural entity and is dismissed with prejudice.

### B. Failure to Serve Process on Defendants Miller and Minter

Pursuant to Rule 12(b)(5), Defendants move to dismiss Defendants Miller and Minter for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle

for challenging the mode of delivery or lack of delivery of the summons and complaint." *Murgia v. United States*, 2007 WL 9724214, at *1 (D. Ariz. July 12, 2007) (internal quotation and citation omitted). Rule 4(m) provides that a plaintiff has 90 days after the filing of the complaint to serve the summons and complaint upon a defendant. Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994). Good cause only exists in rare circumstances. *See generally Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) (holding strategic reasons do not constitute good cause); *Townsel v. County of Contra Costa, California*, 820 F.2d 319, 320 (9th Cir. 1987) (finding inadvertence or negligence does not constitute good cause).

Here, Plaintiff filed his Amended Complaint on April 22, 2019. Pursuant to Rule 4(c) and (m), he was required to serve all Defendants with a copy of the Summons and Complaint within 90 days of filing the Complaint—on or before July 22, 2019.[2] Fed. R. Civ. P. 4(c), (m). To date, Plaintiff has not served Defendants Miller and Minter. Therefore, absent a showing of good cause, Defendants Miller and Minter must be dismissed. *See* Fed. R. Civ. P. 4(m); *Walker*, 14 F.3d at 1421–22.

Plaintiff fails to provide any argument or reason for his delay in effecting service on Defendants Miller and Minter. Although the Court generally maintains a liberal policy with regard to *pro se* litigants, *pro se* litigants are not exempt from complying with the basic rules for service of process. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Additionally, ignorance of the law is not an excuse for failure to comply with service of process rules. *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 783 (N.D. Ill. 1998). Accordingly, even though the Court may grant an extension of time for service of process based on "good cause," Plaintiff does not argue that good cause exists, and the Court finds no evidence of good cause. Therefore, the Court will dismiss Defendants Miller and Minter without prejudice.

---

[2] As the ninetieth day fell on Sunday, July 21, 2019, pursuant to Rule 6(a)(1)(C), the deadline to serve was extended to Monday, July 22, 2019.

### C. Rule 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C*., 139 F.3d 696, 699 (9th Cir. 1998). Moreover, even when a complaint's allegations are "consistent with [ ] unlawful" conduct, a court may conclude they do not plausibly suggest such conduct because they are "not only compatible with, but indeed . . . more likely explained by, lawful . . . behavior." *Iqbal*, 556 U.S. at 680.

### 1. *Malicious Prosecution (Count I)*

In Count One, Plaintiff asserts a malicious prosecution claim; however, he does not specify whether the claim is alleged solely under state law or also under 42 U.S.C. § 1983 ("Section 1983"). (Doc. 1 at 11-12). An essential element of either a Section 1983 or state malicious prosecution claim is a prosecution without probable cause. *See Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir. 1995) (holding that in order to state a claim of malicious prosecution under § 1983, a plaintiff must allege that the defendants prosecuted plaintiff "with malice and without probable cause, and that they did so for the purpose of denying [plaintiff] equal protection or another specific constitutional right."); *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975) ("The essential elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages."). Defendants argue, among other things, that Plaintiff has not alleged sufficient facts to show a lack of probable cause. (Doc. 4 at 4-8). The Court agrees.

In his Amended Complaint, Plaintiff alleges that Peoria PD arrested him on March 5, 2017, and in August 2017 he "moved to have his arrest move quickly to [t]rial[;]" however, the "City of Peoria Prosecutors" moved three time to continue the trial, which Plaintiff alleges was an effort "to reconcile the various misleading, false, or improperly implied evidence to the created story line used by the Prosecutors as equally created by [Plaintiff's ex-wife], and the Peoria [PD]." (Doc. 1 at 10). Plaintiff further alleges that after a two-day trial he was found "Not Guilty" by a jury. (*Id.* at 10-11).

If there was probable cause to institute a proceeding against Plaintiff, "such fact constitutes a complete and absolute defense to an action for malicious prosecution." *Slade*, 541 P.2d at 553. Plaintiff contends that Defendants "should have professionally known that they significantly lacked any probably [sic] cause" to prosecute; however, Plaintiff does not support this allegation with factual evidence. (Doc. 1 at 11). Rather he appears to rely upon his acquittal as evidence of a lack of probable cause. Moreover, Plaintiff concedes that Peoria PD received a "criminal accusation that he had caused physical harm

to [his ex-wife]" prior to his arrest. (*Id.* at 10). Plaintiff contends that Peoria PD was provided with "sufficient evidence" that demonstrated that his ex-wife's claims were unsubstantiated; however, he fails to identify what evidence he provided or how it negated probable cause. Thus, Plaintiff fails to plead facts to demonstrate that Defendants lacked probable cause, which is a necessary element of state or federal malicious prosecution claim. *Slade*, 541 P.2d at 553 (finding "that there was no showing of lack of probable cause [because] [t]he defendant police officer received the information concerning the alleged assault from the victim. . . . With such information it was reasonable for the officer to believe that the accused had committed an offense."). Consequently, Plaintiff has failed to plead a plausible malicious prosecution claim pursuant to either state law or Section 1983.

### 2. *Negligence Per Se (Count II)*

In Count Two, Plaintiff asserts a negligence *per se* claim. (Doc. 1 at 12). "[A] claim for negligence *per se* must be based on a statute enacted 'for the protection and safety of the public.'" *Steinberger v. McVey ex rel. County of Maricopa*, 318 P.3d 419, 433 (Ariz. Ct. App. 2014) (quoting *Good v. City of Glendale*, 722 P.2d 386, 389 (Ariz. Ct. App. 1986)). Plaintiff fails to identify a specific statute that Defendants allegedly violated and therefore his claim for negligence *per se* fails.

However, as the Court must liberally construe Plaintiff's Amended Complaint, the Court will also construe and analyze Count Two as a claim for common law negligence. In Arizona, a negligence claim requires a plaintiff to establish the following elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gibson v. Cty. of Maricopa*, 2017 WL 168035, at *3 (D. Ariz. Jan. 17, 2017) (citing *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)). Plaintiff alleges that "Defendants had a duty to properly train their police officers in proper and impartial investigative techniques" (Doc. 1 at 12). Plaintiff further alleges that Defendants had a "duty to provide professional, impartial, and qualified investigative

techniques to ensure proper prosecution and avoiding adverse influences and erroneous prosecutions of Action arising from its investigation and work product." (*Id.*) However, Plaintiff does not provide facts to demonstrate how Defendants breached these duties. In other words, Plaintiff's negligence claim identifies purported duties, states that Defendants breached those duties, and claims that those breaches caused him harm, without explaining how or identifying facts to support those conclusory allegations. Plaintiff's general discussion of his discontentment with how Peoria PD investigated the assault accusation is insufficient to state a claim of negligence against Defendants. Accordingly, Plaintiff has failed to state a claim for negligence *per se* and common law negligence.

### 3. *Equal Protection – 42 U.S.C. § 1983 (Count III)*

Plaintiff alleges that "Defendants, all of them, acts [or lack thereof], performances, failure to perform, and adversely influenced in varying capacities has violated this Plaintiffs equal protections under the U.S. Constitution." (Doc. 1 at 13) (brackets in original). Plaintiff further alleges that "[t]he conduct was unequal, unjust, and oppressive in the administration of the laws and justice against this Plaintiff, by all of the varying Defendants." (*Id.*)

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ); *Rosenbaum v. City & Cty. of San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007) ("To show discriminatory purpose, a plaintiff must establish that 'the decision-maker . . . selected or reaffirmed a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.'") (citations omitted)). Plaintiff does not allege a membership in a protected class or that Defendants acted in a discriminatory manner because of his membership in an identifiable

group.

However, the Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has also not stated a claim under this standard, because he has not shown that Defendants intentionally treated him differently from other similarly situated individuals. Plaintiff's conclusory allegations that he was treated "unequal" are insufficient to bring a class of one equal protection claim. Accordingly, Plaintiff has failed to state a claim for a violation of the Equal Protection Clause.

### 4. *Violation of Due Process (Count IV)*

Plaintiff alleges that "Defendants, all of them, had a duty to uphold the highest level of integrity, impartiality, professionalism and follow policies, procedure and statutes in an [sic] meaningful way, and without deliberate or negligent compromise. (Doc. 1 at 13). Plaintiff further alleges that Defendants "operated in bad faith by creating a narrative which was inconsistent with facts, and prosecuting a case knowing, or should have reasonably known, that the facts did not support" and "not acting impartially in its criminal investigation" of Plaintiff. (*Id.*)

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV, § 1 ; *see also Sagana v. Tenorio*, 384 F.3d 731, 742 (9th Cir. 2004). The crux of Plaintiff's claim is that Defendants knowingly pursued false criminal charges against Plaintiff in violation of his due process. However, Plaintiff does not explain how Defendants should have known that they were pursing false criminal charges against him, nor does he explain how they were not acting impartially. Rather, Plaintiff asks this Court to infer misconduct from unsupported allegations, which it will not do. Accordingly, Plaintiff has failed to plead a cognizable Due Process claim.

### 5. *Obstruction of Justice (Count V)*

Liberally construing Plaintiff's claim for obstruction of justice, it appears he is arguing that Defendants conspired to obstruct justice by allowing false information to be submitted in connection with his state criminal charges with the purpose of denying him equal protection of the law in violation of 42 U.S.C. § 1985(2) ("Section 1985(2)"). Section 1985(2) prohibits conspiracy with the purpose of obstruction of justice "with intent to deny any citizen the equal protection of the laws . . . ." The statutory requirement of intent to deprive a person of equal protection or equal privileges means there "must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993). In addition, a plaintiff must state specific facts, not mere conclusory statements, to support the existence of the alleged conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Williams v. Sumner*, 648 F. Supp. 510, 513 (D. Nev. 1986). Although *pro se* "pleadings are liberally construed, particularly where civil rights claims are involved," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), a "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has not pled facts to meet the discriminatory-animus requirement. Moreover, Plaintiff's allegations of conspiracy are merely conclusory. In other words, the Amended Complaint is void of any factual allegations showing that Defendants had an agreement or "meeting of the minds" to violate Plaintiff's constitutional rights. Plaintiff's dissatisfaction with Defendants' conduct coupled with his conclusory allegations of conspiracy are not sufficient to state a claim under Section 1985(2).

### 6. *False Imprisonment (Count VI)*

Plaintiff alleges that Defendants "caused an unlawful detention without consent or without lawful authority" and the "[m]alicious acts of the Defendants, collectively and individually, was deliberate, thoughtful, and with the sole intentions to cause unneeded

personal and professional harm" to Plaintiff. (Doc. 1 at 14). However, "[i]f the arrest or imprisonment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute false arrest or false imprisonment; the proper remedy under such circumstances is an action for malicious prosecution." *See Slade*, 541 P.2d at 552 (internal citations omitted). Plaintiff's Amended Complaint is devoid of facts to suggest his arrest or imprisonment without a valid legal process. Rather, Plaintiff contends that he provided "sufficient evidence" to Peoria PD that established his innocence. However, even if Peoria PD did not have probable cause to arrest or imprison Plaintiff, that does not mean that it was done without a valid legal process. Plaintiff has not pled sufficient facts to state a plausible claim for false imprisonment.

### 7. *Intentional Infliction of Emotional Distress (Count VII)*

"To recover for intentional infliction of emotional distress [in Arizona], a plaintiff must show that the defendant's conduct was extreme and outrageous, causing plaintiff severe emotional distress; physical injury need not occur." *Duke v. Cochise County*, 938 P.2d 84, 87 (Ariz. Ct. App. 1996). A defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct. *Johnson v. McDonald*, 3 P.3d 1075, 1080 (Ariz. Ct. App. 1999). Indeed, even unjustifiable conduct does not rise to the level necessary of "atrocious" and "beyond all possible bounds of decency" to establish an intentional infliction of emotional distress claim. *Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386 (Ariz. Ct. App. 1994). This standard distinguishes "true claims from false ones, and . . . the trifling insult or annoyance from the serious wrong." *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 785 (Ariz. 1989) (internal quotation omitted).

Plaintiff's Amended Complaint is predicated upon allegations that Defendants colluded with his ex-wife and her family to prosecute Plaintiff for an assault that Defendants knew or should have known he did not commit. Plaintiff alleges that Defendants intentionally caused emotional distress by engaging in "extreme and

unnecessary conduct which was malicious, nefarious, and outrageously adverse" against Plaintiff, which they knew to be "false, nefarious, and criminal." (Doc. 1 at 15). However, Plaintiff does not describe this "conduct" or identify who engaged in it. Aside from conclusory allegations, Plaintiff does not set forth facts to support the existence of any "extreme and outrageous" conduct by Defendants. Consequently, Plaintiff's allegations in the Amended Complaint fail to state a claim for relief based on intentional infliction of emotional distress.

### 8. *Abuse of Process (Count VIII)*

Plaintiff claims Defendants "willfully used the judicial process in a wrongful manner that . . . violated his federal rights by abuse of process." (Doc. 1 at 15). Yet, Plaintiff has failed to plead facts showing that Defendants used the legal process to accomplish a goal other than for which it was created. Abuse of process is not simply "commencing an action or causing process to issue without justification"; even litigation motivated by ill intentions does not constitute abuse of process where "process is used only to accomplish the result for which it was created." *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1060 (D. Ariz. 2012), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013). In order to prevail on an abuse of process claim, Plaintiff must prove that Defendants "took an action that could not logically be explained without reference to the defendant's improper motives." *Id*. Plaintiff "has not alleged that any specific judicial process was employed for a purpose other than for what it was designed." *Lovejoy v. Arpaio*, 2010 WL 466010, at *15 (D. Ariz. Feb. 10, 2010). Thus, Plaintiff has not stated a claim for abuse of process

### 9. *Bad Faith (Count IX)*

Plaintiff's bad faith claim is premised on "a professional duty and standard, both incorporated by practicing principals of the city, Arizona Revised Statute [sic], and department policy, to operate and work in good faith and be free of bias and outside influences." (Doc. 1 at 16). However, he has not identified a statute or explained how a policy violation is actionable as a bad faith claim. Moreover, Plaintiff's Amended

Complaint is devoid of facts or allegations to suggest that there was a contractual relationship between Plaintiff and Defendants. *See Fields v. Banner Health*, 2005 WL 4806305, at *6 (D. Ariz. Mar. 24, 2005) (finding that a lack of a valid contract necessitates the dismissal of a claim for breach of the duty of good faith and fair dealing). As such, Plaintiff's bad faith claim, as pled in the Amended Complaint, is not a viable cause of action.

### 10. *Defamation (Count X)*

A claim for defamation in Arizona involving a non-public figure requires the following: (1) a false statement concerning the plaintiff; (2) the statement was defamatory; (3) the publication of the statement to a third party; and (4) the plaintiff was damaged as a result of the statement. *Morris v. Warner*, 770 P.2d 359, 366 (Ariz. Ct. App. 1988). For a defamation claim to succeed, the one who publishes the defamatory communication must know that the statement is false and defamatory, act in reckless disregard, or act negligently. *Dube v. Likins*, 167 P.3d 93, 104 (Ariz. Ct. App. 2007). Plaintiff alleges that "Defendants, all of them, collectively and individually, knowingly made false statements about this Plaintiff to others in return for certain gains or punitive measures to be levied against this Plaintiff." (Doc. 1 at 16). However, Plaintiff fail to identify a single false statement. Without factual support, Plaintiff's allegations are insufficient to support a claim for defamation. Accordingly, Plaintiff's defamation claim is dismissed.

### 11. *Punitive and Miscellaneous Damages (Counts XI & XII)*

Plaintiff alleges that he is entitled to punitive damages because "Defendant engaged in a misconduct herein with conscious disregard for the legal right of Plaintiff and his family." (Doc. 1 at 17). Moreover, Plaintiff alleges that Defendants' actions caused him damages in excess of $120,000. (*Id.*) A request for damages is not an independent cause of action, but rather, it is a remedy. *Accel Am. Inc. v. Metro Int'l LLC*, 2014 WL 11512605, at *5 (D. Ariz. Feb. 12, 2014). As such, there is nothing for the Court to dismiss at this stage of the proceedings. *Id.* (declining to dismiss plainitff's claim for punitive damages on motion to dismiss because it is a remedy and not independent cause of action).

Moreover, Plaintiff's request for relief contains a request for punitive damages and an award of damages in excess of $1,500,000. (Doc. 1 at 18). Thus, the Court will strike Counts Eleven and Twelve as they are not independent causes of action.

### 12. *Violation of Due Process and Civil Rights (Count XIII)*

Plaintiff alleges that the "Defendants [sic] activities, individually and collectively, violated certain due process and safe guards entitled to this Plaintiff as well as Civil Rights Actions." (Doc. 1 at 18). However, Plaintiff does not distinguish this cause of action from his other causes of action, including his Due Process claim in Count Four. Moreover, he does not identify which "Civil Rights" Defendants violated. Accordingly, this claim appears to be duplicative and will be dismissed.

### III. Leave to Amend

"A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Plaintiff could cure the defects of his claim by providing additional factual allegations that render the claims alleged in the Amended Complaint plausible. The Court will dismiss the Amended Complaint without prejudice and allow Plaintiff to file a Second Amended Complaint that properly meets the factual sufficiency and plausibility standards required under Rule 12(b)(6), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If Plaintiff chooses to file a Second Amended Complaint, he must identify which Defendant is responsible for which wrongs to adequately put the individual Defendants on notice of the claims against them. *See McHenry v. Renne*, 84 F.3d 1172, 1176, 1178 (9th Cir.1996) (where complaint links plaintiffs' fact allegations to specific defendants, it [must also] inform defendants of the legal claims being asserted."). The Second Amended Complaint must set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 1177. Further, any amended complaint will serve as the operative pleading in this case, so Plaintiff must include all of his legal theories and

the entire factual basis for those theories in the Second Amended Complaint. Finally, Plaintiff shall not reassert any legal theories against the Peoria Police Department as it is a non-jural entity and has been dismissed with prejudice. Defendants Miller and Minter have not been properly served; therefore, Plaintiff must serve the Second Amended Complaint on them in compliance with Rule 4.

Given the specific guidance on the Amended Complaint's deficiencies, the Court is not inclined to grant Plaintiff leave to file a third amended complaint if the Second Amended Complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Peoria Police Department is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint on or before February 7, 2020. If Plaintiff does not file its Second Amended Complaint on or before February 7, 2020, then the Clerk of Court will dismiss this case without further notice and enter judgment accordingly. In accordance with District of Arizona Local Rule Civil 15.1, an amended complaint must "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15.1.

**IT IS FURTHER ORDERED** that Plaintiff must serve the Second Amended Complaint in the manner provided for service of summons in Rule 4 on all unserved Defendants, including Defendants Miller and Minter. Plaintiff may serve all previously-served Defendant with the Second Amended Complaint in accordance to Rule 5.

…

**IT IS FINALLY ORDERED** that the Rule 16 Scheduling Conference set for January 31, 2020 at 10:00 am is **VACATED.**

Dated this 8th day of January, 2020.

_____
Honorable Diane J. Humetewa